IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS WAYNE DILL, SR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-CV-1399-G-BW |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS INC., et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Douglas Wayne Dill, Sr.'s Motion for Leave to File Amended Complaint, which he filed on November 7, 2025. (Dkt. No. 101 ("P. Br.").) Defendants Experian Information Solutions Inc. and Trans Union LLC filed a joint response in opposition to the motion on November 24. (Dkt. No. 105 (Ds. Br.").) Dill filed a reply on December 8. (Dkt. No. 109 ("Reply").)

For the reasons below, the undersigned magistrate judge recommends that Dill's motion for leave to file an amended complaint be denied.

## I. BACKGROUND

This consolidated case began as two separate actions. On March 4, 2023, Plaintiff Douglas Dill, Sr., represented by attorney Ken Piacenti, filed a petition in the 68th Judicial District Court of Dallas County, Texas against Experian

---

[1] Senior United States District Judge A. Joe Fish has referred this case to the undersigned magistrate judge for full case management pursuant to 28 U.S.C. § 636(b). (Dkt. No. 87.)

Information Solutions, Inc. asserting claims under the Fair Credit Reporting Act ("FCRA") relating to Experian's failure to remedy false information in Plaintiff's credit report. (*See* Dkt. No. 1 at 15-23 ("Compl. Exp.").) Experian removed the action on June 22, 2023, and it was assigned Case No. 3:23-CV-1399-G. (*See* Dkt. No. 1.) On July 26, 2023, Dill filed suit in this Court asserting similar claims under the FCRA against Trans Union, LLC, in Case No. 3:23-CV-1660-G. (*See* Dkt. No. 1, Case No. 3:23-CV-1660-G.) Because the Court perceived that the two actions arose out of a common nucleus of facts, it consolidated the two actions in the interest of judicial economy and efficiency. (Dkt. No. 13.)

The Court entered a scheduling order in October 2023. (Dkt. No. 22.) That order set December 18, 2023 as the deadline to amend pleadings and required that discovery be completed by July 2, 2024. (*Id.* at 2, 4.) Nonetheless, Dill filed an amended complaint in January 2024 with leave of court based on an unopposed motion. (Dkt. No. 31.) The Court later extended the discovery period until October 8, 2024. (Dkt. No. 39 at 4.) That order did not extend the deadline to amend pleadings. (*See generally id.*)

The parties attempted to settle the cases in September 2024. (*See* Dkt. No. 51.) They subsequently disputed whether a settlement agreement had been reached, prompting a motion to enforce by the defendants. (*See* Dkt. 56.) Litigation of that motion exposed disagreement between Dill and his attorney, prompting Piacenti, with Dill's full consent, to move to withdraw from further representing Dill. (*See*

-2-

Dkt. Nos. 56-60, 62-64, 69, 70.)  The Court allowed Piacenti to withdraw on January

28, 2025 (Dkt. No. 66), and Dill has proceeded pro se in this action since.

After the Court concluded that the parties had not formed a settlement

agreement (*see* Dkt. Nos. 79, 86), the District Judge re-referred the action to the

undersigned magistrate judge for case management (Dkt. No. 87).  After inquiring of

the parties whether additional discovery was necessary and seeking their input with

respect to dispositive motions (*see* Dkt. Nos. 88, 91), the undersigned entered an

amended scheduling order on September 23, 2025, allowing the parties until

November 17, 2025 to complete discovery (Dkt. No. 93).  This order did not revive

the deadline for the amendment of pleadings.

Nonetheless, Dill filed the instant motion for leave to amend ten days before

close of the extended discovery period.  (P. Br.)  Dill does not specify in his motion

what changes are presented in his proposed second amended complaint.[2]  He does

not assert that the amended complaint presents new claims; he simply states it

"corrects the factual record, clarifies legal claims, and aligns the pleadings with the

evidence now before the Court."  (P. Br. at 2.)

## II.  LEGAL STANDARDS AND ANALYSIS

In his motion, Dill leans heavily into the liberal amendment standard in Fed.

R. Civ. P. 15(a)(2).  (*See* P. Br. at 2.)  That rule provides that, in applicable

---

[2] Dill has submitted a proposed amended complaint—erroneously titled as his First
Amended Complaint—with his motion for leave as required by court rules.  (*See* Dkt. No.
102.)  *See* N.D. Tex. L. Civ. R. 15.1(b).

circumstances, a "court should freely give leave when justice so requires." This is not a circumstance, however, in which the Court is guided by Rule 15 alone. Fed. R. Civ. P. 16(b)(3)(A) requires a court to enter a scheduling order that limits the time to amend pleadings. *See Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016). And "[w]hen a motion to amend the pleadings is filed after the court-ordered deadline, the court must first decide whether to modify the scheduling order under the Rule 16(b)(4) good cause standard before considering whether to grant leave to amend under the more liberal standard of Rule 15(a)(2)." *Id.* (citing *inter alia S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

"To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)). The Fifth Circuit has pointed to four relevant factors when assessing whether good cause exists under Rule 16(b)(4): "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (brackets, internal quotation marks, and citations omitted)).

Dill fails to establish good cause for reviving the pleadings amendment deadline that expired almost two years ago. His motion is premised on liberal standards allowing amendment that do not apply here and, thus, he does not present arguments attempting to establish good cause under Rule 16(b)(4). Additionally, Dill's reliance on general standards allowing for the liberal construction for pro se briefing does not help him. (*See* P. Br. at 3.) Dill is not asking that the Court liberally construe arguments that he has made—he is instead asking the Court to liberally excuse him from a deadline established in the scheduling order. That is not required, nor would it be appropriate here. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) ("Liberal construction does not mean liberal deadlines." (quoting *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999))).

In his reply, Dill contends he has been diligent in seeking to amend the complaint. (Reply at 2.) In support of that argument, he states that he only learned of unspecified defects in the first amended complaint after counsel's withdrawal and after reviewing discovery, and he also points to his deposition taken the day before filing the motion to amend. (*Id.*) Dill does not explain any "defects" in the amended pleading, so the undersigned cannot agree that amendment would be justifiable to cure them (or that Dill's proposed amended complaint does so). In any event, Dill has not established that he was unable to review the first amended complaint or discovery prior to counsel's withdrawal (with Dill's consent), nor does he explain why his deposition having occurred the day before filing his motion proves he has

been diligent.  The record further dissuades the undersigned to find diligence when Dill filed the motion after nine months of proceeding pro se and just ten days before the extended discovery period expired.  *See Carroll v. Portfolio Recovery Assocs., LLC*, No. 3:22-CV-1604-B-BN, 2023 WL 6219395, at *2–3 (N.D. Tex. Sept. 5, 2023) (concluding pro se plaintiff failed to show diligence warranting amendment of complaint four months after amendment deadline), *accepted*, 2023 WL 6218286 (N.D. Tex. Sept. 25, 2023).

## III.  RECOMMENDATION

The undersigned magistrate judge recommends that the Court **DENY** Plaintiff's November 7, 2025 Motion for Leave to File Amended Complaint.  (Dkt. No. 101.)

**SO RECOMMENDED** on December 9, 2025.


_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).