IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS WAYNE DILL, SR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-CV-1399-G-BW |
| | § | (consolidated with No. 3:23-CV-1660-G) |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS INC., et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Douglas Wayne Dill, Sr.'s Motion for

Partial Summary Judgment (Dkt. No. 132) and brief in support (Dkt. No. 133).

United States Senior District Judge A. Joe Fish referred the case to the undersigned

magistrate judge for a hearing, if necessary, and for recommendation pursuant to 28

U.S.C. § 636(b). (Dkt. No. 87.) For the reasons discussed below, the undersigned

recommends that Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 132)

be **DENIED** as untimely.

This Fair Credit Reporting Act ("FCRA") case has been pending since March

2023. Its procedural history has been extensively detailed elsewhere in the record

(*see, e.g.*, Dkt. Nos. 79, 110) and need not be repeated here. On September 23, 2025,

the Court issued an amended scheduling order stating that all discovery must be

completed discovery by November 17, 2025, and dispositive motions must be filed

no later December 19, 2025. (*See* Dkt. No. 93.) Pursuant to the parties' joint motion

(Dkt. No. 94), on October 10, 2025, the Court extended the discovery deadline to December 4, 2025, and the dispositive motions deadline to January 13, 2026. (*See* Dkt. No. 97.)  No other deadlines were modified, and the parties were advised that "[they] should not expect extension of the briefing deadlines absent extraordinary and compelling circumstances." (*Id.*)

In accordance with the Court's dispositive motion deadline, Defendants filed a motion for summary judgment on January 13, 2026. (*See* Dkt. No. 113.)  Then, on January 23, 2026, Plaintiff filed an "emergency motion for continuance," seeking a stay of all deadlines due to "involuntary displacement" and a "temporary inability to access critical evidence, work product, litigation materials, and records[.]"  (Dkt. No. 117 at 1.)  The precise details underlying the motion were not provided, but the Court nevertheless granted Plaintiff a 14-day extension to file a response to Defendants' motion for summary judgment, making his response due no later than February 17, 2026. (*See* Dkt. No. 120.)  Importantly, no other deadlines were extended.  Thereafter, on February 6, 2026, Plaintiff filed his response to Defendants' motion for summary judgment (Dkt. No. 123), and on the same day also filed a cross-motion for partial summary judgment (Dkt. No. 132).

Plaintiff must demonstrate good cause for filing an untimely motion.  "To assist in the speedy and efficient resolution of cases, Rule 16(b) requires the court to enter a scheduling order that limits the time litigants may file motions.  Once set, the scheduling order may only be modified by leave of court upon a showing of good

cause." *Argo v. Woods*, 399 F. App'x 1, 2 (5th Cir. Sept. 10, 2010); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The good cause standard requires a showing by the movant that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021).

As noted above, the extended deadline for filing dispositive motions in this case expired on January 13, 2026. Although Plaintiff's January 23, 2026 motion for continuance seeks to "continue all hearings, conferences, and submission dates currently set," the motion only provided vague references to "involuntary displacement" and a "temporary inability to access critical evidence, work product, litigation materials, and records." (Dkt. No. 117.) As such, Plaintiff failed to give any reason how he meets Rule 16's fairly stringent "good cause" standard which requires him to give a persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not "reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note (1983).

Furthermore, the dispositive motions deadline had already expired ten days before Plaintiff submitted his motion for a continuance, and therefore, that deadline was not "currently set." (Dkt. No. 117.) In addition, the motion for continuance was granted only to the extent to allow Plaintiff a 14-day extension to file a response to Defendants' motion for summary judgment. (*See* Dkt. No. 120.) The remainder

of the motion was denied.  (*See id.*)  Finally, as the Court has previously explained, this case has been pending for quite some time (*see, e.g.*, Dkt. No. 120), and the parties were previously warned to expect no further extensions of the scheduling deadlines "absent extraordinary and compelling circumstances" (Dkt. No. 97).  No such circumstances are present here.

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's February 6, 2026 Motion for Partial Summary Judgment (Dkt. No. 132) be **DENIED** as untimely.

**SO RECOMMENDED** on February 9, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).