IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS WAYNE DILL, SR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-CV-2663-G-BW |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., et al. | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is pro se Plaintiff Douglas Wayne Dill, Sr.'s "Fed. R. Civ. P. 59(e) Motion to Alter or Amend Judgment," filed on April 12, 2026.  (Dkt. No. 156 ("Motion" ("Mot.")).)  United States Senior District Judge A. Joe Fish referred the case to the undersigned magistrate judge for full case management pursuant to 28 U.S.C. § 636(b).  (Dkt. No. 87.)

Having considered the Motion, the record, and the applicable law, and for the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Motion (Dkt. No. 156) be **DENIED**.

## I.  BACKGROUND

The facts of this Fair Credit Reporting Act ("FCRA") case have been summarized elsewhere in the record, so the undersigned recounts only the facts and procedural history that are pertinent here.  (*See* Dkt. No. 152.)  The undersigned entered Findings, Conclusions, and Recommendation (the "FCR") on March 18,

2026 (Dkt. No. 152), to which Plaintiff filed objections (Dkt. No. 153). The Court reviewed de novo those portions of the FCR to which objection was made and reviewed the remaining portions for plain error. (*See* Dkt. No. 154 (the "Order").) Finding no error, the Court accepted the FCR on April 8, 2026, and judgment was entered the same day, dismissing Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 56(a). (Dkt. No. 155.)

On April 12, 2026, Plaintiff filed his Motion to Alter or Amend Judgment (Dkt. No. 156), to which Defendants filed a response on May 1, 2026 (Dkt. No. 157). Plaintiff did not file a reply, and the time to do so has passed. *See* N.D. Tex. L. Civ. R. 7.1(f) ("[A] party who has filed an opposed motion may file a reply brief within 14 days from the date a response is filed."). Accordingly, the Motion (Dkt. No. 156) is ripe for consideration.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 59 provides the grounds for new trial and a motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59. Regarding new trial, Rule 59(a) makes clear that a motion for new trial is appropriate when the case has been tried to a jury or to the court. Fed. R. Civ. P. 59(a); *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, No. 3:98-CV-0282-D, 1999 WL 1032798, at *1 (N.D. Tex. Nov. 10, 1999). Regarding motions to alter or amend a judgment, Rule 59 states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, Plaintiff's Motion to Alter Judgment (Dkt. No. 156) was filed within 28 days of the entry of judgment and

2

therefore, is appropriately treated as arising under Rule 59(e). *See Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (unpublished) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit.").)

Rule 59(e) motions serve the narrow purpose of permitting "a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (footnote omitted); *see also Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta*, 2009 WL 129731, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Cont. Truckmen, Inc.*, No. 3:04-CV-1344-D, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005)). The movant must demonstrate valid reasons to justify the court's reconsideration of a prior ruling. *See Hearn v. Quarterman*, No. 3:04-CV-450-D, 2008 WL 679030, at *3 (N.D. Tex. Mar. 13, 2008).

While "[t]he district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Insurance Co.*, 101 F. Supp. 2d 463,

465 (E.D. La. 2000)).  Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]"  *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

### III.  ANALYSIS

Although Plaintiff's Motion asserts challenges to the Order on four separate grounds (*see generally* Motion at 3–8), Plaintiff merely rehashes arguments previously raised in his objections (Dkt. 153) ("Objections") to the FCR, which the Court overruled.

First, Plaintiff argues that the Court misapplied the summary judgment standard because the Order ignores an "admitted inaccuracy" about the Verizon Wireless ("Verizon") account and that Defendants "parroted" the Automated Consumer Dispute Verification ("ACDV") responses they received during their reinvestigations.  (Mot. at 3-4.)  Plaintiff already argued in his Objections that Verizon's admission created a factual issue as to the accuracy of Defendants' reporting and the reasonableness of their reinvestigations.  (Objections at ECF p. 3.) As the FCR explains, "[Plaintiff] has not attempted to prove any of [the] elements [of a § 1681i "reasonable reinvestigation" claim], while Defendants provide abundant evidence showing that they reasonably reinvestigated [Plaintiff's] disputes."  (FCR at 38-39.)  Plaintiff points to no newly discovered evidence, intervening case law, or other reason warranting reconsideration of this argument that the Court has previously examined and rejected.  (*See generally* Order.)

Plaintiff next argues that the Court overlooked "undisputed reinsertion violations under 15 U.S.C. § 1681i(a)(5)(B)," such as "no reinsertion notice provided" and "no certification of accuracy." (Mot. at 4–6.) As the FCR explained, however, Plaintiff did not plead a claim for improper "reinsertion" under § 1681i(a)(5), and therefore, Defendants' reinsertion procedures were not at issue in these summary judgment proceedings. (FCR at 29, 33.) In addition, that argument has also been previously asserted (*see* Objections at ECF p. 2) and rejected by the Court (*see generally* Order).

Plaintiff's third argument fails for similar reasons. (*See* Mot. at 6–7.) Plaintiff contends that the District Judge did not conduct a proper de novo review, but he fails to articulate how the Court's Order failed to satisfy the applicable standard. (*See* Mot. at 6.) The Order clearly notes that the Court "made a de novo review of those portions of the [Recommendation] to which objections were made and has reviewed all other portions of the [Recommendation] for plain error." (Order at 1–2.) To the extent Plaintiff is relying on his belief that the Court was required to provide a detailed analysis of his objections, he is mistaken. *See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004) (holding district court was "permitted to issue an abbreviated order adopting the magistrate's summary judgment recommendation" where the magistrate judge "made only legal findings on a summary judgment motion"); *McGill v. Goff*, 17 F.3d 729, 731–32 (5th Cir. 1994) (permitting district courts to adopt a recommendation one day after its entry and before objections were filed), *overruled on other grounds by Kansa Reins. Co. v. Cong. Mortg. Corp.*, 20 F.3d 1362,

1373–74 (5th Cir. 1994).  Furthermore, Plaintiff already complained in his Objections that the FCR ignored evidence regarding alleged violations of 15 U.S.C. § 1681i(a)(5)(B) (*see* Mot. at 6-7), but Plaintiff has never actually identified evidence of such violations—not in his response to Defendants' Joint Motion for Summary Judgment, not in his Objections, and not now in his Motion.  Nor does Plaintiff point to any "newly discovered" evidence, as required to support a motion for reconsideration.

Finally, Plaintiff argues that the Court's Order resulted in manifest injustice due to the "procedural impairment[s]" he experienced during the summary judgment briefing period.  (Mot. at 7–8.)  These "procedural impairment[s]" were apparently due to Plaintiff's eviction and "lost access to documents and stable working conditions."  (*Id.*)  As an initial matter, this argument, too, was previously raised in Plaintiff's Objections (*see* Objections at ECF p. 2) and rejected by the Court (*see generally* Order).  Furthermore, Plaintiff's arguments regarding his "displacement" and "lost access to documents" are insufficient to warrant granting the extraordinary relief available under Rule 59(e).  And again, Plaintiff does not identify "manifest errors of law or fact" in need of correction or "present newly discovered evidence" that would change the result.  *Templet*, 367 F.3d at 479; *see also Cantu v. City of Fort Worth Police, N. W. Div.*, No. 4:23-CV-00824-O-BP, 2024 WL 6049417, at *2 (N.D. Tex. May 13, 2024).

In sum, Plaintiff's Motion to Alter Judgment is not supported by any meaningful legal argument or relevant authority but merely rehashes arguments

presented in his prior filings, including in his objections to the FCR (Dkt. No. 153).

Accordingly, there are no grounds for relief under Rule 59(e).

## IV.  RECOMMENDATION

For all the foregoing reasons, the undersigned **RECOMMENDS** that

Plaintiff's Motion to Alter Judgment (Dkt. No. 156) be **DENIED**.

**SO RECOMMENDED** on May 21, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

7